DANIEL M. PETROCELLI (SB # 97802)
dpetrocelli@omm.com
JEFFREY A. BARKER (S.B. #166327)
jbarker@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Plaintiffs Skechers U.S.A., Inc.
and Skechers U.S.A., Inc. II

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVEN MADDEN, LTD. and STEVEN MADDEN RETAIL, INC.,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1125(A)**<br>**(2) WILLFUL INFRINGEMENT OF REGISTERED MARK , 15 U.S.C. § 1114**<br>**(3) FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(A)**<br>**(4) FEDERAL TRADEMARK DILUTION, 15 U.S.C. § 1125(C);**<br>**(5) STATE TRADEMARK DILUTION & INJURY TO BUSINESS REPUTATION;**<br>**(6) STATE UNFAIR AND DECEPTIVE PRACTICES**<br>**(7) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiffs SKECHERS U.S.A., INC. and SKECHERS U.S.A., INC. II

2  (collectively, "Skechers") bring this action against defendants STEVEN

3  MADDEN, LTD. and STEVEN MADDEN RETAIL, INC. (collectively

4  "Madden") to address Madden's abuse of Skechers' legally protected and federally

5  registered and unregistered trademarks, and allege as follows:

6                              **NATURE OF THE ACTION**

7        1.    For 30 years, Skechers has designed and sold quality, affordable and

8  stylish shoes for men, women, and children.  A publicly traded company, Skechers

9  distributes its products throughout the United States and in more than 170 other

10  countries by way of more than 4,500 Skechers retail stores, Skechers' e-commerce

11  websites, and third-party department and specialty stores.  Among its many

12  products, Skechers produces casual, fashion, and athletic footwear and has become

13  a world leader in designing stylish, functional, and comfortable footwear.

14        2.    Over decades, Skechers has invested hundreds of millions of dollars

15  developing and promoting its brand, including various versions of its stylized "S"

16  mark for which it has obtained registrations from the U.S. Patent & Trademark

17  Office, many of which are now incontestable.  Skechers typically places executions

18  of its "S" logos on the side of a shoe as follows:









3.     In particular, Skechers is well known for using this type of execution of its famous "S" logo on its footwear:



4.     Defendant Madden manufactures and sells casual and fashion footwear in competition with Skechers.  Despite Madden's awareness of Skechers' well-known marks, Madden currently is using the following confusingly similar mark on its "Kennie" sneaker (the "Infringing Madden Shoe"):



5.     The logo used by Madden on the Infringing Madden Shoe is substantially similar to Skechers' "S" marks, as it is essentially a stylized "S" of similar (if not nearly identical) proportions and thicknesses to multiple logos used by Skechers that has been rotated slightly counterclockwise and placed in the same location where Skechers typically places its marks.  Moreover, Madden is using this logo on similar products marketed to the same consumers in the same channels, making it highly likely that consumers will be confused as to whether Skechers is responsible for, distributes, has authorized or licensed, or is otherwise involved with the shoes that Madden is selling.

6.     Moreover, regardless of confusion, Madden's unauthorized use of a mark that is substantially similar to those of Skechers dilutes the distinctiveness of Skechers' famous "S" marks, in violation of both federal and state law.

**PARTIES**

7.     Plaintiff Skechers U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266.

8.     Plaintiff Skechers U.S.A., Inc. II is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266. Skechers U.S.A., Inc. II is a wholly owned subsidiary of Skechers U.S.A., Inc.

9.     On information and belief, defendant Steven Madden, Ltd. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 52-16 Barnett Avenue, Long Island City, New York 11104.

10.     On information and belief, defendant Steven Madden Retail, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 52-16 Barnett Avenue, Long Island City, New York 11104.  On information and belief, Steven Madden Retail, Inc. is a wholly owned subsidiary of Steven Madden, Ltd.

**JURISDICTION AND VENUE**

11.     Jurisdiction in this Court exists under the provisions of section 39 of the Lanham Act, 15 U.S.C. § 1121(a); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).  Subject matter jurisdiction over Skechers' related state and common law claims is proper pursuant to 28 U.S.C. § 1338 (action asserting claim for unfair competition joined with a substantial and related claim under trademark laws) and 28 U.S.C. § 1367 (supplemental jurisdiction).

12.     This Court has personal jurisdiction over Defendants because, upon information and belief, Madden has (a) knowingly and purposefully marketed,

distributed, offered for sale, and sold the Infringing Madden Shoe identified herein to persons within the State of California and this District; (b) regularly distributes its products (including the Infringing Madden Shoe) through multiple sales outlets located in the State of California and within this District; and (c) otherwise made or established contacts and regularly conducts or solicits business in the State of California and within this District.

13.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the claims arose in this District.

## FACTUAL ALLEGATIONS

**Skechers and Its Famous "S" Logo**

14.    Skechers is a multi-billion dollar global leader in the lifestyle and performance footwear industry.  Starting from a single footwear line in 1992, Skechers now boasts a collection of more than 3,000 footwear styles.  Skechers' products are sold in more than 170 countries and territories globally through a global network of distributors and subsidiaries.

15.    For decades, Skechers has designed, developed, advertised, marketed, and sold footwear using its distinctive and famous stylized "S" trademarks (collectively, the "'S' Marks").  Skechers owns and uses many federally registered and unregistered "S" Marks to identify and distinguish its footwear products from those of its competitors.

16.    Skechers is the owner of over 40 federally registered trademarks bearing its "S" Marks.  These marks are registered for use on a variety of platforms and products, including e-commerce, apparel, handbags, footwear, and more. Many have become incontestable pursuant to 15 U.S.C. § 1065.  Examples of marks within the Skechers family of "S" Marks that are registered for use on footwear are shown below, which are the subject of the federal registrations attached hereto as Exhibits A through U:

| Serial # | Registration # | Mark |
|---|---|---|
| 87981990 | 5904316 |  |
| 88201566 | 6251912 |  |
| 86976296 | 4741038 |  |
| 88201522 | 5916493 |  |
| 78336350 | 2916380 |  |
| 85464637 | 4247243 |  |

| Serial # | Registration # | Mark |
|---|---|---|
| 88201496 | 6251908 |  |
| 88201575 | 6251913 |  |
| 88201562 | 6251911 |  |
| 88201550 | 6251910 |  |
| 87976431 | 5398206 |  |
| 86050866 | 4629701 |  |

| Serial # | Registration # | Mark |
|---|---|---|
| 85186529 | 4485489 |  |
| 77979561 | 3826446 |  |
| 85186579 | 4400511 |  |
| 85021779 | 4234412 |  |
| 78827479 | 3158807 |  |
| 85423029 | 4251160 |  |

| Serial # | Registration # | Mark |
|---|---|---|
| 75976914 | 2205906 | |
| 88975870 | 5910623 | |
| 87238834 | 5325547 | |

17.     Skechers has developed, and has used in commerce in the United States for many years, numerous executions of its "S" Marks, including but not limited to those shown above in paragraph 2 and in the further examples below:



 

18.     Over decades, Skechers has invested hundreds of millions of dollars in continuous and longstanding promotion of its various products and trademarks, including the "S" Marks, through advertising, marketing and publicity throughout the United States and the world such as the following:

 



19.    Moreover, as a group, the "S" Marks have been used by Skechers with such regularity and consistency over time that consumers in the United States have come to widely recognize not only individual registered and unregistered marks with Skechers, but also to associate solely with Skechers the use of a prominent, stylized "S" on a footwear product that has sizing, proportions and placement similar to those of the "S" Marks.

20.    The public, including the media, immediately recognizes and associates the individual "S" Marks, as well as the family marks of which they are part, with Skechers.  For example, the well-known publication *Runner's World* recently described Skechers' running products using the subtitle: "Same 'S' logo. New PR-worthy shoes.  ICYMI, Skechers has become a major player in the running industry" in an April 22, 2022 article entitled "The 7 Best Skechers Running Shoes" (pictured below).



21.     This is not just a recent development.  In 2019, for example, a *USA Today* article noted that Skechers is "known for its popular 'S' logo."  *See* Tamar Celis, *Second Skechers Store Aims To Provide for Guam's Diverse Workforce*, USA Today (Feb. 5, 2019), https://www.usatoday.com/story/news/2019/02/05/new-store-skechers-guam-workforce/2775168002/.   Similarly, ten years before that in 2009, the *Los Angeles Business Journal* noted that a collection of Skechers' eyewear would bear "the brand's name and distinctive 'S' logo."  *See Skechers Expands Brand Into Glasses*, Los Angeles Business Journal (Mar. 30, 2009), https://labusinessjournal.com/news/skechers-expands-brand-into-glasses/.

22.     Indeed, as a result of Skechers' long and pervasive use of the "S" Marks individually and as a family of marks to identify its products—all of which pre-dates Defendants' introduction of the Infringing Madden Shoe—Skechers has long owned, and at all relevant times has owned, multiple registrations for the trademarked phrase "It's the S," including but not limited to federal Registration Nos. 2284971, 2409860, 3725543, and 5932053.

23.     Skechers' long-term investment in advertising, marketing and publicity for the "S" Marks, combined with sales of millions of pairs of Skechers-branded products over decades, has caused the "S" Marks to be widely recognized by the general consuming public of the United States as a designation of source for goods made by Skechers.  As a result, the "S" Marks have become famous within the meaning of 15 U.S.C. § 1125(c).

**Madden and Its Infringing and Dilutive Product**

24.     On information and belief, Madden manufactures, advertises, markets, and sells footwear online and in retail stores across the United States, including operating approximately 17 stores located in this District.

25.     On information and belief, Madden ships product sold on its website, www.stevemadden.com, throughout the United States, including to residents of this District.

26.     The Infringing Madden Shoe has the style name "Kennie" and is being offered for sale for $99.95 in Madden's retail stores located within this District, on Madden's website and, on information and belief, at third party retailers located within this District.

27.     On information and belief, Madden is selling and, absent intervention and an injunction issuing from this Court, plans to continue to sell the Infringing Madden Shoe bearing a confusingly similar version of the Skechers "S" Marks.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

28.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

29.     Madden has used marks confusingly similar to Skechers' federally registered marks, and unregistered marks that have acquired secondary meaning, in violation of 15 U.S.C. §§ 1114 and 1125(a).  Madden's use of confusingly similar imitations of the registered and unregistered Skechers "S" Marks (including the family of "S" Marks) is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Madden's goods, including the Infringing Madden Shoe, are manufactured or distributed by Skechers, are associated or connected with Skechers, or have the sponsorship, endorsement or approval of Skechers.

30.     Madden's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and injury to Skechers' goodwill and reputation as symbolized by its exclusive use and control of the Skechers "S" Marks, for which Skechers has no adequate remedy at law.

31.     Upon information and belief, and as demonstrated by Madden's conduct as described herein, Madden's misappropriation and infringement of the

Skechers "S" Marks is a willful, intentional, and malicious effort to trade on and diminish the goodwill associated with the Skechers "S" Marks, which is likely to result in great and irreparable harm of Skechers.

32.    Madden has caused and, unless restrained by this Court, is likely to continue causing substantial injury to the public and to Skechers.  Accordingly, Skechers is entitled to injunctive relief and to recover Madden's profits, Skechers' actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CAUSE OF ACTION

**(Federal Trademark Infringement and Willful Infringement**

**of a Registered Mark – Lanham Act § 32, 15 U.S.C. § 1114)**

33.    Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

34.    As set forth above, Skechers owns valid U.S. Trademark Registrations for the "S" Marks.

35.    Madden has used in commerce in the United States spurious marks that are identical to, or substantially indistinguishable from, the Skechers "S" Marks without Skechers' authorization, and in connection with the same or substantially similar goods described in Skechers' federal registrations for those marks.

36.    Madden's use of such spurious marks on the Infringing Madden Shoe that are identical to, or substantially indistinguishable from, the products on which the "S" Marks appear falsely represents that Madden's goods are coming from or authorized by Skechers and places beyond Skechers' control the quality of goods offered and sold under the Skechers "S" Marks.

37.    Madden's unauthorized use of spurious marks that are identical to, or substantially indistinguishable from, the "S" Marks in connection with the

promotion and sale and distribution of footwear is likely to cause confusion, mistake, or deception as to the source or sponsorship of Madden's goods, and is likely to deceive the public into believing that Madden's goods come from Skechers, are sponsored, endorsed or approved by Skechers, are subject to Skechers' quality control measures, or are otherwise associated with Skechers.

38. Upon information and belief, Madden's conduct as described herein has been intentional, reckless and willful.

39. Madden's use of marks identical to, or substantially indistinguishable from, the "S" Marks in the manner described herein constitutes use of counterfeit marks, as that term is defined in section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B), and Madden is accordingly liable under the anti-counterfeiting provisions of 15 U.S.C. § 1114(1).

40. Madden has caused and, unless enjoined by this Court, is likely to continue causing substantial injury to the public and to Skechers, which has no adequate remedy at law, and Skechers is entitled to injunctive relief, an accounting for Madden's profits, Skechers' actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117. Additionally, pursuant to 15 U.S.C. § 1117(b), Skechers is entitled to trebling of the greater of Madden's profits or Skechers' damages, and to prejudgment interest. Alternatively, pursuant to 15 U.S.C. § 1117(c), Skechers is entitled to recover statutory damages for Madden's willful use of counterfeit marks.

## THIRD CAUSE OF ACTION

### (Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

41. Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

42. Madden's use of confusingly similar imitations of the "S" Marks, including the family of such marks, has caused and is likely to cause confusion,

deception, and mistake by creating the false and misleading impression that Madden's goods are offered, manufactured, or distributed by Skechers, or are affiliated, connected, or associated with Skechers, or have the sponsorship, endorsement, or approval of Skechers.

43.     Madden has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).  Madden's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of the public and members of the trade, and, additionally, injury to Skechers' goodwill and reputation as symbolized by its exclusive use of the "S" Marks, for which Skechers has no adequate remedy at law.

44.     Upon information and belief, Madden's conduct as described herein demonstrates an intentional, willful and malicious intent to trade on the goodwill associated with the "S" Marks to the substantial and irreparable injury of Skechers.

45.     Madden's conduct has caused and, unless enjoined by this Court, is likely to continue causing, substantial injury to the public and to Skechers, which has no adequate remedy at law, and Skechers is entitled to injunctive relief, an accounting for Madden's profits, Skechers' actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## **FOURTH CAUSE OF ACTION**

### **(Federal Trademark Dilution – Lanham Act § 43(a), 15 U.S.C. § 1125(c))**

46.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

47.     Skechers has exclusively and continuously promoted and used its registered "S" Marks in the United States for many years and, in several instances, many decades.  As a result, the "S" Marks have become famous and well-known symbols of Skechers and its products among the general consuming public in the

United States, and became so before Madden began advertising, promoting, distributing, or offering for sale the Infringing Madden Shoe.

48.     Madden is making use in commerce of confusingly similar imitations of Skechers' famous "S" Marks that dilute and are likely to dilute the distinctiveness those valuable marks by eroding the public's exclusive identification of them with Skechers, degrading positive associations and connotations of these marks, and otherwise lessening the capacity of these marks to identify and distinguish Skechers' goods.

49.     Madden's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "S" Marks or to cause dilution of those marks to the great and irreparable injury of Skechers.

50.     Madden has caused and, unless enjoined by this Court, is likely to continue causing irreparable injury to Skechers' goodwill and business reputation, and dilution of the distinctiveness and value of the famous "S" Marks in violation of 15 U.S.C. § 1125(c).  Accordingly, Skechers is entitled to injunctive relief, an accounting for Madden's profits, Skechers' actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

## FIFTH CAUSE OF ACTION

**(Trademark Dilution and Injury to Business Reputation Under State Law)**

51.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

52.     For many years, and in some cases decades, Skechers has exclusively and continuously promoted and used the "S" Marks (including the family of "S" Marks) in the United States.  The "S" Marks are well-known symbols of Skechers and its products among the general public in the United States generally, and in

each of those states and territories particularly, well before Madden began using its infringing version of the "S" Marks.

53.     Madden is making use in commerce of confusingly similar imitations of the Skechers "S" Marks that dilute and are likely to dilute the distinctiveness of those marks by eroding the public's exclusive identification of them with Skechers, degrading the positive association and prestigious connotations of these marks, and otherwise lessening the capacity of the "S" Marks to identify and distinguish Skechers' goods.

54.     Madden's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "S" Marks, or to cause dilution of these marks, to the great and irreparable injury of Skechers.

55.     Madden has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Skechers' goodwill and business reputation, as well as dilution of the distinctiveness and value of the "S" Marks, in violation of the California antidilution act, Cal. Bus. & Prof. Code § 14247, as well as the antidilution laws of other states, including Alabama, Ala. Code § 8-12-17; Alaska, Alaska Stat. § 45.50.180; Arizona, Ariz. Rev. Stat. Ann. § 44-1448.01; Arkansas, Ark. Code Ann. § 4-71-213; Connecticut, Conn. Gen. Stat. Ann § 35-11i(C); Delaware, Del. Code Ann. Tit. 6, § 3313; Florida, Fla. Stat. Ann. § 495.151; Georgia, Ga. Code Ann. § 10-1-451; Hawaii, Haw. Rev. Stat. Ann. § 482-32; Idaho, Idaho Code Ann. § 48-513; Illinois, 765 Ill. Comp. Stat. Ann. 1036/65; Iowa, Iowa Code Ann. § 548.113; Indiana, In. Code 24-2-1-13.5; Kansas, Kan. Stat. Ann. § 81-214; Louisiana, La. Rev. Stat. Ann. § 51:223.1; Maine, Me. Rev. Stat. Ann. Tit. 10, § 1530; Massachusetts, Mass. Gen. Laws. Ann. Ch. 110h, § 13; Minnesota, Minn. Stat. Ann. § 333.285; Mississippi, Miss. Code. Ann. § 75-25-25; Missouri, Mo. Ann. Stat. § 417.061(1); Montana, Mont. Code Ann. § 30-13-334; Nebraska, Neb. Rev. Stat. Ann. § 87-140; Nevada, Nev. Rev. Stat. 600.435; New Hampshire, N.H. Rev. Stat. Ann. § 350-A:12; New Jersey, N.J. Stat. Ann. 56:3-

13.20; New Mexico, N.M. Stat. Ann. § 57-3b-15; New York, N.Y. Gen. Bus. Law § 360-L; Oregon, O.R.S. § 647.107; Pennsylvania, 54 Pa. Cons. Stat. Ann. § 1124; Rhode Island, R.I. Gen. Laws Ann. § 6-2-12; South Carolina, S. C. Code Ann. § 39-15-1165; Tennessee, Tenn. Code Ann. § 47-25-513; Texas, Tex. Bus. & Com. Code Ann. § 16.29; Utah, Ut. Code Ann. § 70-3a-403; Washington, Wash. Rev. Code Ann. § 19.77.160; West Virginia, W.Va. Code Ann. § 47-2-13; and Wyoming, Wyo. Stat. Ann. § 40-1-115.

56.     Skechers, therefore, is entitled to injunctive and equitable relief, damages and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

### (Violation of State Unfair and Deceptive Trade Practices Statutes)

57.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

58.     By the conduct described herein, Madden has been passing off its goods as those of Skechers, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Madden's goods by Skechers, causing a likelihood of confusion as to Madden's affiliation, connection, or association with Skechers, and otherwise damaging the public.

59.     Madden's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes under the laws of numerous states, including California, Cal. Bus. & Prof. Code § 17200, et seq.; Colorado, Colo. Rev Stat. Ann. §§ 6-1-101 to 6-1-115; Delaware, Del. Code Ann. Tit. 6, §§ 2531 to 2536; Georgia, Ga. Code Ann. §§ 10-1-370 to 10-1-375; Hawaii, Haw. Rev. Stat. §§ 481a-1 to 481a-5; Illinois, Ill. Comp. Stat. Ann. 510/1 to 510/7; Maine, Me. Rev. Stat. Ann. Tit. 10, §§ 1211 to 1216; Minnesota, Minn. Stat. Ann. §§ 325d.43 to 325d.48; Nebraska,

Neb. Rev. Stat. §§ 87-301 to 87-306; New Mexico, N.M. Stat. Ann. §§ 57-12-1 to 57-12-22; New York, N.Y. Gen. Bus. Law § 349; Ohio, Ohio Rev. Code Ann. §§ 4165.01 to 4165.04; and Oklahoma, Okla. Stat. Ann. Tit. 78, §§ 51 to 55.

60.     Skechers, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, enhanced damages, punitive damages, and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)

61.     Skechers hereby incorporates by reference the above allegations to this complaint as if set forth fully herein.

62.     Madden's actions constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion to the irreparable injury of Skechers.  Skechers has no adequate remedy at law for this injury.

63.     On information and belief, Madden has acted with knowledge of Skechers' use of and statutory and common law rights to the "S" Marks and various executions thereof and has done so without regard for the likelihood of confusion of the public created by Madden's activities.

64.     Madden's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "S" Marks to the great and irreparable injury of Skechers.

65.     As a result of Madden's actions, Skechers has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, Skechers is entitled to injunctive relief, an accounting of Madden's profits, damages, and reasonable attorney's fees and costs.  Further, in light of Madden's deliberate and malicious use of confusingly similar imitations of the "S" Marks, and the need to deter Madden from engaging in similar conduct in the future, Skechers additionally

1  is entitled to punitive damages.

2

3                              **PRAYER FOR RELIEF**

4       WHEREFORE, Skechers prays for judgment in its favor as follows:

5       1.  That Madden and all of its agents, officers, employees, representatives,

6  successors, assigns, attorneys, and all other persons acting for, with, by through or

7  under authority from Madden, or in concert or participation with Madden, and each

8  of them, be enjoined permanently from:

9       (a)  using the Skechers "S" Marks or any other copy, reproduction, colorable

10              imitation, or simulation of the family of "S" Marks, on or in connection

11              with Madden's goods, including the Infringing Madden Shoe;

12      (b)  passing off, palming off, or assisting in passing off or palming off

13              Madden's goods as those of Skechers, or otherwise continuing any and

14              all acts of unfair competition as alleged herein; and

15      (c)  advertising, promoting, offering for sale, or selling the Infringing

16              Madden Shoe or other goods bearing confusingly similar imitations of

17              the family of "S" Marks;

18      2.  That Madden be ordered to cease offering for sale, marketing, promoting,

19  and selling and to recall all products sold under or bearing any identical or

20  confusingly similar imitations of the family of "S" Marks that are in Madden's

21  possession, custody, or control, or have been shipped by Madden or under its

22  authority, to any customer, including but not limited to, any wholesaler, distributor,

23  retailer, consignor, or marketer, and also to deliver to each such store or customer a

24  copy of this Court's order as it relates to said injunctive relief against Madden;

25      3.  That Madden be ordered to deliver up for impoundment and for

26  destruction, all footwear, including Infringing Madden Shoe, signs, advertising,

27  sample books, promotional materials, or other materials in the possession, custody,

28  or control of Madden that are found to adopt, infringe, or dilute the "S" Marks, the

family of "S" Marks, or that otherwise unfairly compete with Skechers and its products;

4.  That Madden be compelled to account to Skechers for any and all profits derived by Madden from the sale or distribution of the Infringing Madden Shoe and that Skechers be awarded such profits pursuant to 15 U.S.C. § 1117(a);

5.  That Skechers be awarded all damages caused by the acts forming the basis of this complaint;

6.  That based on Madden's knowing and intentional use of spurious and/or confusingly similar imitations of Skechers' registered marks and family of "S" Marks, the damages awarded be trebled and the award of Madden's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b), or alternatively, and at Skechers' election, pursuant to 15 U.S.C. § 1117(c), for any goods bearing a spurious mark, Skechers be awarded statutory damages for Madden's willful use of a spurious mark;

7.  That Madden be required to pay Skechers' costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and the state statutes and common law cited in this Complaint;

8.  That based on Madden's willful and deliberate infringement and dilution of the "S" Marks, and to deter such conduct in the future, Skechers be awarded exemplary and punitive damages;

9.  That Skechers be awarded prejudgment and post-judgment interest on all monetary awards; and

1      10.  That Skechers be awarded such other and further relief as this Court may

2  deem just or proper.

3

4          Dated:  June 20, 2023                    O'MELVENY & MYERS LLP

5

6                                                By:   /s/ Daniel M. Petrocelli

7                                                        Daniel M. Petrocelli

8                                                Attorneys for Plaintiffs
                                                 SKECHERS U.S.A., INC. and
9                                                SKECHERS U.S.A., INC. II

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiffs respectfully demand a jury trial on all issues so triable.


Dated:  June 20, 2023          O'MELVENY & MYERS LLP


                               By:   /s/ Daniel M. Petrocelli
                                     Daniel M. Petrocelli

                               Attorneys for Plaintiffs
                               SKECHERS U.S.A., INC. and
                               SKECHERS U.S.A., INC. II